UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MALIBU CONSULTING CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | Civil Action No.  SA-06-CV-735-XR |
| | ) | |
| FUNAIR CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**

On this date, the Court considered Plaintiff's motion to remand (Docket No. 6), Defendant's motion to amend notice of removal (Docket No. 8), and Plaintiff's notice of withdraw of motion to remand (Docket No. 10).  In Plaintiff's notice of withdraw of motion to remand, Plaintiff states that it agrees that subject matter jurisdiction exists by virtue of diversity of citizenship, it does not oppose Funair's motion to amend notice of removal, and it withdraws its motion to remand.[1]  Therefore, Plaintiff's motion to remand is DISMISSED as moot (Docket No. 6).

Defendant's unopposed motion to amend notice of removal is GRANTED (Docket No. 8). Defective jurisdictional allegations in the notice of removal may be amended in the trial or appellate courts.  28 U.S.C. § 1653; *Whitmire v. Victus Ltd.,* 212 F.3d 885, 888 (5th Cir. 2000); *Fontenot v. Global Marine, Inc.*, 703 F.2d 867, 871 n. 7 (5th Cir. 1983).  Failure to allege the respective

---

[1]After speaking with Plaintiff's counsel on the telephone, Plaintiff informed the Court that the last sentence of the Notice of Withdraw of Motion to Remand contained a typographical error and should state: "Accordingly, Malibu is not opposing Funair's motion to amend, and Malibu is withdrawing its motion to remand."

citizenships of the parties both at the time the Plaintiff instituted the action and at the time of removal is a jurisdictional defect, and failure to provide evidence that the amount in controversy exceeds $75,000 is a jurisdictional defect.  *Whitmire*, 212 F.3d at 888 (defective citizenship allegations amendable); *Fontenot*, 703 F.2d at 871 n. 7 (defective amount of controversy allegation amendable); *Firemen's Ins. Co. v. Robbins Coal Co.*, 288 F.2d 349, 350 (5th Cir. 1961) (failure to allege the complete corporate citizenship of Plaintiff by neglecting to specify principal place of business is amendable).  Defendant is ORDERED to file its amended notice of removal by **Monday, October 23, 2006.**

The Court can remand a case for lack of subject-matter jurisdiction without a motion by Plaintiff.  *In re Allstate Ins. Co.*, 8 F.3d 219, 223 (5th Cir. 1993).  In evaluating whether subject-matter jurisdiction exists on the basis of diversity, this Court will refer to Defendant's amended notice of removal.  The Court finds that complete diversity exists between the parties and that the amount on controversy exceeds $75,000.  Therefore, the Court has subject-matter jurisdiction over this case based on diversity of citizenship.  *See* 28 U.S.C. § 1332; 28 U.S.C. § 1441(b).

It is so ORDERED.

SIGNED this 17th day of October, 2006.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE