UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MALIBU CONSULTING CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| FUNAIR CORPORATION, ) | |
| ) | |
| Defendant and Third-Party Plaintiff, ) | Civil Action No. SA-06-CA-735-XR |
| ) | |
| v. ) | |
| ) | |
| AERO SKY, L.L.C. AND AVICOR ) | |
| AVIATION, INC. AND J. ALLAN ) | |
| TAMM, INDIVIDUALLY, ) | |
| ) | |
| Third-Party Defendants. ) | |

**ORDER**

On this date, the Court considered the motion to strike Plaintiff's expert designations filed by Defendant Funair Corporation ("Funair"). The motion is GRANTED IN PART AND DENIED IN PART (Docket No. 49).

**I. Factual and Procedural Background**

Plaintiff Malibu Consulting Corp. ("Malibu") originally filed suit in the 408th Judicial District Court of Bexar County, Texas. Funair removed this action to this Court on the basis of diversity jurisdiction. On April 23, 2007, Malibu filed its designation of expert witnesses. Funair filed its motion to strike on May 14, 2007.

Funair argues that (1) the expert report of Larry Hinebaugh should be struck; (2) the expert

report of Joseph Rodriguez should be struck; (3) the expert testimony of John Martin, in his capacity as a retained expert, should be excluded; and (4) the expert designations of nine unidentified "Rule 30(b)(6) Corporate Witnesses" should be struck. The Court will address each of these arguments individually.

## II.   The Court DENIES Funair's motion to strike Larry Hinebaugh's expert report.

Federal Rule of Civil Procedure 26(a)(2)(B) states, in relevant part:

> Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness.

Malibu asserts Hinebaugh is under contract to provide services as Director of Maintenance and that his duties do not regularly involve giving expert testimony. Hinebaugh did file a report which Malibu has designated as his expert report. Funair alleges that Hinebaugh's expert report does not meet the "complete and detailed" requirement. Malibu contends that he should be treated like a similarly-situated employee and not be required to produce a complete and detailed report under Rule 26(a)(2)(B). Funair argues that because Hinebaugh is under contract, and the testimony is outside the regular scope of work that he is contracted to perform, Hinebaugh has essentially been retained or specially employed to provide the testimony and should be required to meet the Rule 26(a)(2)(B) requirement. It is unclear whether Hinebaugh is being compensated for his testimony. Malibu has stated that Hinebaugh's testimony may be based on scientific, technical, or other specialized knowledge and that it may arguably involve opinions, yet Malibu has also stated that Hinebaugh is a "fact witness." The Court is uncertain of the nature of the opinion testimony that Hinebaugh may offer at trial.

The Court recognizes the burden that creating an expert report places on witnesses who do not regularly provide expert testimony. However, the Court also recognizes the potential for unfair surprise stemming from expert testimony that has not properly been disclosed. The Court finds that striking Hinebaugh's report is unwarranted. Rather, if Hinebaugh intends to provide Rule 702 opinion testimony,[1] the Court ORDERS Malibu, pursuant to Rule 26(a)(2)(B), to produce a complete and detailed expert report regarding all testimony based on "scientific, technical, or other specialized knowledge."[2] On the other hand, if Hinebaugh's testimony will be limited to factual testimony or Rule 701 opinion testimony,[3] then an expert report is unnecessary. At trial, the admission of testimony will be governed by Rule 37(c)(1), which provides for the exclusion of expert testimony not properly disclosed. The Court will not consider Hinebaugh's Rule 702 opinion testimony if Hinebaugh does not produce an expert report within four weeks of the signing of this Order.

## II.  The Court DENIES Funair's Motion to Strike Rodriguez's expert report.

Funair argues that the report submitted by Rodriguez should be struck because it is not a detailed and complete statement of all expert opinions, it lacks analysis, and is conclusory. Funair further argues that the failure to file a report that meets the complete and detailed requirements of Rule 26(a)(2)(B) deprives it of the fair opportunity to defend itself from Malibu's claims. Finally,

---

[1] Rule 702 opinion testimony is testimony involving "scientific, technical, or other specialized knowledge" given by a witness "qualified as an expert by knowledge, skill, experience, trailing, or education."

[2] Malibu must serve this report on Funair within four weeks after the signing of this Order.

[3] Rule 701 opinion testimony is "limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

Funair requests that Rodriguez's report be struck under Rule 37(c)(1).

Rule 26(a)(2)(B) states, in relevant part:

> The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Malibu argues Rodriguez met each of these requirements. The key difference of opinion between Malibu and Funair, it seems, is the adequacy of the methodology and analysis Rodriguez used. Indeed, it appears Rodriguez performed only basic calculation involving adding and subtracting the values asserted by Malibu. Malibu counters that such calculation is all the methodology required; it states, "the expert report of a damages expert need not be as complicated as Funair suggests."

The Fifth Circuit recognized the difficulty of determining completeness with respect to expert reports. In *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, the Court noted, "Where the standard of compliance is a matter of degree, however, such as the degree to which an initial expert disclosure is "complete," disagreement is more likely to occur. The resolution of such disputes is more appropriately left to the discretion of the trial court, and only in an unusual case of clear abuse should an appellate court reverse." 73 F.3d 546, 571 n.46 (5th Cir. 1996) (citing *O'Malley v. United States Fidelity and Guar. Co.*, 776 F.2d 494, 499 (5th Cir.1985)).

The Court finds it unnecessary to strike Rodriguez's expert report. In so finding, the Court considers the report, pursuant to Rule 26(a)(2)(B), to be complete. Therefore, at trial, expert testimony outside of the contents of the report will be excluded pursuant to Rule 37(c)(1). Funair may address its concerns about the adequacy of the methods or analysis used by Rodriguez through

direct- or cross-examination or at deposition.

### III. The Court DENIES Funair's Motion to Strike the expert designation of Martin

Martin is Malibu's attorney. Funair is on notice that he will testify regarding attorney's fees, and Funair will not be prejudiced or unfairly surprised with regard to such testimony. Malibu must comply with Local Rule CV-7(i) when making a claim for attorney's fees.

### IV. The Court GRANTS Funair's Motion to Strike the Expert Designations of the Nine Named Corporations.

Malibu listed nine corporations as non-retained expert witnesses in the matter without designating a corporate representative. In support of this action, Malibu cites to Rule 30(b)(6). However, Rule 30(b)(6) governs depositions of corporations. Rule 26(a)(2)(A) governs expert testimony. It requires a party identify any person who may be called at trial to present expert testimony under Rules 702, 703, or 705 of the Federal Rules of Evidence. Malibu argues that a "person" may be a corporation. However, this argument is inconsistent with the requirements of Rule 26. Therefore, the Court GRANTS Funair's motion to strike the expert designations of the following entities: Aero Sky, LLC; Gore Design Completions, Ltd.; Stewart Industries International; So-Cal Aviation, Inc.; TASS, Inc.; AeroSciences, Inc.; Paladin Aerospace LLC; Total Aircraft Services, Inc.; and TecAir Associates, Inc.

It is so ORDERED.

SIGNED this 9th day of August, 2007.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE