## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MALIBU CONSULTING CORP.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **FUNAIR CORPORATION a/k/a** | § | |
| **FunAir Corporation,** | § | **CIVIL ACTION NO.** |
| | § | |
| **Defendant/Third Party Plaintiff,** | § | **SA-06-CA-0735 XR** |
| | § | |
| **v.** | § | |
| | § | |
| **AERO SKY, L.L.C.,** | § | |
| **AVICOR AVIATION, INC., and** | § | |
| **J. ALLAN TAMM, Individually,** | § | |
| | § | |
| **Third Party Defendants.** | § | |

### ORDER GRANTING MOTION TO COMPEL (DOCKET ENTRY 98)

The matter before the Court is plaintiff's motion to compel (docket entry 98).  Also before

the Court are defendant's response, plaintiff's reply and defendant's sur-reply.

This motion dispute concerns an interrogatory and two requests for production.

INTERROGATORY NO. 16: Please identify each and every action or effort
taken by Funair to ensure that IAI had an organization adequate to perform the
work that was done in 2003 on the Aircraft, and identify all documents supporting
Funair's answer.

REQUEST FOR PRODUCTION NO. 28: Documents concerning all actions or
efforts taken by Funair to ensure that IAI had an organization adequate to
perform the work that was done in 2003 on the Aircraft.

REQUEST FOR PRODUCTION NO. 29: Documents concerning all parts,
components, and other materials (including part numbers of serial numbers of
those parts, components, and other materials) that IAI installed or repaired on the
Aircraft in 2003.

1

Defendant responded to Interrogatory 16 as follows:

> Defendant objects that this Interrogatory (1) is overbroad and harassing in that the request to identify "each and every action or effort" and "all" documents that is overbroad in scope and unlimited in time makes it impossible to determine with certainty whether "all" documents can ever possibly be located and it inquires into matters beyond what is relevant to Plaintiff's claims; (2) is unduly burdensome because the request seeks documents for an unspecified duration of time and compliance with the request outweighs any likely benefit to Plaintiff; and (3) vague. Subject to and without waiving the foregoing general and specific objections, Funair has worked with or at IAI for approximately fifteen (15) years and developed a familiarity with its organization and operations. Please also see responsive testimony in the deposition of Scott Brigante taken earlier in 2007. Defendant reserves the right to supplement this response in accordance with the Federal Rules of Civil Procedure as responsive documents are discovered during diligent compliance with this Request.

In response to the production request number 28, defendant stated:

> Defendant objects that this Request for Production (1) is overbroad and harassing in that the request for "documents concerning all actions or efforts" that is overbroad in scope and unlimited in time makes it impossible to determine with certainty whether documents "concerning all actions or efforts" documents can ever possibly be located and it inquires into matters beyond what is relevant to Plaintiffs claims; (2) is unduly burdensome because the request seeks documents for an unspecified duration of time and compliance with the request outweighs any likely benefit to Plaintiff; (3) vague; and (4) seeks documents more easily available from Plaintiffs own files, Subject to and without waiving the foregoing general and specific objections, please see responsive documents including, but not necessarily limited to, those produced previously in response to Plaintiffs Requests for Production. Please also see documents produced to Plaintiff or made available to Plaintiff or Plaintiffs representatives at or before closing which includes, but is not necessarily limited to, the contents of approximately sixty-five boxes of materials made available for Malibu's inspection in Miami in May 2004 and later delivered along with the Aircraft.

And production request 29:

> Defendant objects that this Request for Production is (1) overbroad and unduly burdensome because the request seeks documents encompassing over twenty years of records already provided to Plaintiff or Plaintiffs representatives and compliance with the request outweighs any likely benefit to Plaintiff; (2) vague; (3) fails to identify the requested documents specifically including, but not limited to,

2

documents concerning "other materials" with reasonable particularity; and (4) seeks documents more easily available from Plaintiffs own files. Subject to and without waiving the foregoing general and specific objections, please see responsive documents including, but not necessarily limited to, those produced previously in response to Plaintiffs Requests for Production. Please also see documents produced to Plaintiff or made available to Plaintiff or Plaintiffs representatives at or before closing which includes, but is not necessarily limited to, the contents of approximately sixty-five boxes of materials made available for Malibu's inspection n Miami in May 2004 and later delivered along with the Aircraft. Defendant reserves the right to supplement this response in accordance with the Federal Rules of Civil Procedure as responsive documents are discovered during diligent compliance with this Request.

In its motion plaintiff argues that the information sought through this discovery is relevant to its claim that defendant knowingly made false, material representations regarding the quality of the aircraft defendant sold to plaintiff, and failed to disclose material facts which it was otherwise required to disclose concerning the plane.  Specifically, plaintiff alleges that defendant selected Israel Aircraft Industries (IAI)[1] to perform a heavy maintenance check on the aircraft sold to plaintiff without ensuring that IAI was an organization adequate to perform that work, and that IAI did not adequately perform the work on the plane.   Plaintiff argues that federal regulations required defendant to ensure that it used maintenance groups which had "an organization adequate to perform that work."[2]  In response to the motion to compel, defendant essentially argues that plaintiff's claims against defendant are unsupported and false, and accordingly that it has no obligation to respond to the discovery requests.

### Analysis

Federal Rule of Civil Procedure 26(b)(1) provides that "parties may obtain discovery

---

[1]Israel Aircraft Industries, a/k/a the Bedek Aviation Group.

[2]14 C.F.R. § 125.245.

3

regarding any matter, not privileged, that is relevant to the claim or defense of any party." Defendant argues that the discovery is improper because plaintiff's claims are unsupported and without merit. Defendant misunderstands the discovery process: So long as a claim has not been dismissed, the claims establish the bounds of relevancy under Rule 26(b)(1). Plaintiff's claims concerning the selection of IAI and the work ultimately performed by IAI remain active claims. Clearly, the information sought through each of these discovery requests, seeking the basis for defendant's assurance that IAI had an "organization adequate to perform" the work which they were hired to perform and documentation concerning that work, is relevant to the claims plaintiff has made against defendant.

Defendant objected to interrogatory 16 claiming that it was overbroad and harassing, unduly burdensome and vague. Those objections – if they are still urged by defendant – are overruled. The interrogatory itself is clear and limited to a finite transaction involving the servicing of the aircraft plaintiff purchased from defendant.

Defendant also responded that its 15 years of business dealings with IAI during which time it developed familiarity with IAI's organization and operations provided it assurances of IAI's competence. Presumably defendant will have more to say about the nature of its 15 year relationship with IAI at trial: i.e., what specifically did it learn through those years of business dealings which gave it assurances that IAI could do the maintenance check in question on the aircraft plaintiff later purchased. This information is relevant and articulating a response is neither burdensome or harassing. Plaintiff's motion to compel is GRANTED such that defendant is directed to respond with particularity to this interrogatory, identifying which events or transactions in the past 15 years provided evidence of and assurances as to IAI's competence in performing the work on the plane at

4

issue.  Defendant is also directed to identify  the specific portions of the Brigante deposition which articulate the basis for defendant's assurance as to IAI's expertise when selecting IAI in 2003 for the maintenance work.

With respect to the document requests, defendant explains that it is unable to respond because all of its documents concerning the subject aircraft (65 boxes) were transferred to plaintiff when ownership of the plane was transferred.  Defendant claims that it no longer has any documents responsive to the requests.

Rule 34(a), Federal Rules of Civil Procedure, provides that a party may request another party to produce documents "in the possession, custody, or control of the party upon whom the request is served."  Both production request 28 and 29 seek information which is relevant to plaintiff's claims, and are neither overbroad, vague or unduly burdensome.  Accordingly, the motion to compel is GRANTED.  If defendant has any documents in its "possession, custody or control" then it is directed to produce those documents.  However, it is not required to produce what it does not have: Rule 34 does not require defendant to sift through documents which it does not have possession of. Defendant is reminded that failure to produce a document responsive to these requests will likely preclude defendant from introducing that document at trial, or in support or defense of a dispositive motion.  **See** F.R.Civ.P. 37(c).

For the reasons stated above, the motion to compel is ORDERED GRANTED.

**SIGNED** on September 22, 2007.

*Nancy Stein Nowak*

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE