UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |  |
|---|---|---|
| MALIBU CONSULTING CORP., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| FUNAIR CORPORATION a/k/a | § | |
| FunAir Corporation, | § | CIVIL ACTION NO. |
| | § | |
| Defendant/Third Party Plaintiff, | § | SA-06-CA-0735 XR |
| | § | |
| v. | § | |
| | § | |
| AERO SKY, L.L.C., | § | |
| AVICOR AVIATION, INC., and | § | |
| J. ALLAN TAMM, Individually, | § | |
| | § | |
| Third Party Defendants. | § | |

### ORDER DENYING MOTION FOR PROTECTION (DOCKET ENTRY 112)

The matter before the Court is the motion for protection filed by third party defendants Avicor Aviation, Inc. and J. Allan Tamm (docket entry 112). Also before the Court is the response in opposition filed by third party plaintiff, Funair Corporation (docket entry 118).

In their motion Avicor and Tamm ask the Court to treat them as non-parties and stay discovery as to them pending ruling on their motion to dismiss, to require Funair to pay Tamm's expenses to travel to Dallas for his deposition, and to extend the time to respond to interrogatories and requests for production. The motion is analyzed under Federal Rule of Civil Procedure 26(c).

Insofar as Avicor and Tamm ask to be treated as non-parties while their dispositive motion is pending, that request is DENIED. Avicor and Tamm are named in the third party complaint which remains an active pleading in this case. Their request that discovery as to them be limited to that provided through Rule 45 is without authority.

Location of the Deposition:   Tamm may ask for protection by motion insofar as the deposition is noticed for a location other than his residence or principal place of business.  The motion and response are silent as to Tamm's residence; the amended complaint identifies his residence as Washington state.  Nevertheless, the response to the motion explains that the location of the deposition – Dallas, Texas – was decided upon by agreement.  Accordingly, Tamm's late attempt to condition his appearance at the agreed-upon location on Funair's payment of his expenses will not be enforced by the Court via a Rule 26(c) motion for protection.

Extension of Time: Finally, the motion asks for an extension of time until October 8 to respond to the interrogatories and requests for production.  The motion was filed 30 days after the discovery was propounded to Tamm and Avicor, and merely states, "Avicor and Tamm require more time to assemble documents and conduct the review necessary to respond to the Written Discovery."  Funair argues that this request was filed so late as to be untimely.

Movants have failed to sufficiently explain why additional time is necessary to respond, or to explain their reason for not responding at least in part within the 30 days allowed by Rule 33(b)(3) and Rule 34(b).  Accordingly, the motion for extension is DENIED and Avicor and Tamm are ORDERED to respond to the interrogatories and requests for production at issue no later than October 8.

For the reasons, stated above, the motion for protection is DENIED in all respects.

**SIGNED** on October 4, 2007.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE