UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MALIBU CONSULTING CORP.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | |
| | § | |
| **FUNAIR CORPORATION a/k/a** | § | |
| FunAir Corporation, | § | CIVIL ACTION NO. |
| | § | |
| **Defendant/Third Party Plaintiff,** | § | SA-06-CA-0735 XR |
| | § | |
| v. | § | |
| | § | |
| **AERO SKY, L.L.C.,** | § | |
| **AVICOR AVIATION, INC., and** | § | |
| **J. ALLAN TAMM, Individually,** | § | |
| | § | |
| **Third Party Defendants.** | § | |

**ORDER DENYING MOTION FOR PROTECTIVE ORDER (DOCUMENT 145)**

The matter before the Court is the motion for protective order filed by defendant and third party plaintiff, Funair Corporation (Funair), and the response thereto filed by third party defendants, Avicor Aviation (Avicor) and J. Allen Tamm (documents 145 and 151). The matter has been referred to me for disposition (document 146).

By its motion Funair asks the Court to quash a notice of Rule 30(b)(6) deposition directed to Funair by Avicor and Tamm on the eve of the discovery deadline. Rule 26(c) of the Federal Rules of Civil Procedure authorizes the issuance of a protective order when the movant establishes "good cause" for the order "to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense...."

Funair argues that the deposition should be quashed because several of the deposition

1

topics impermissibly seek testimony concerning Funair's legal conclusions and because the information sought is more properly obtained through contention interrogatories. Funair conceeds that the topics which Avicor and Tamm ask Funair to be prepared to address through its corporate representative would be permissible subjects of contention interrogatories.[1] Rule 26(a)(5) provides that parties may obtain discovery using their choice of a number of discovery methods, and Rule 26(d) allows those methods of discovery to be used in any sequence. Although there is authority to the contrary, I agree with the line of cases which holds that a Rule 30(b)(6) deposition which seeks information concerning the factual support for allegations found in the complaint, which would be discoverable through contention interrogatories, is outside the protection of the work-product doctrine and is permissible.[2]

Accordingly, it is ORDERED that the motion for protective order is DENIED.

**SIGNED** on November 14, 2007.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[1] F.R. Civ. P. 33(c). Contention interrogatories may properly ask for the facts that support an allegation or defense as well as the identities of knowledgeable persons and supporting documents for the facts supporting an allegation or defense. Contention interrogatories include questions asking an opposing party to state all the facts upon which it bases some specified contention and questions asking an opponent to state all the evidence on which it bases some specified contention. John Kimpflen, Sally J.T. Necheles, Karl Oakes, Elizabeth Williams, & Anne E. Melley, 10A <u>Federal Procedure</u>, Lawyers Edition, § 26.525.

[2] **See E.E.O.C. v. Caesars Entertainment, Inc.**, 237 F.R.D. 428, 433-434 (D. Nev. 2006) and cases discussed therein. **See also**, **F.D.I.C. v. Hays**, 1998 WL 178547 (W.D.Tex. 1998).