## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MALIBU CONSULTING CORP.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | |
| **FUNAIR CORPORATION a/k/a** | § | |
| **FunAir Corporation,** | § | **CIVIL ACTION NO.** |
| | § | |
| **Defendant/Third Party Plaintiff,** | § | **SA-06-CA-0735 XR** |
| | § | |
| **v.** | § | |
| | § | |
| **AERO SKY, L.L.C.,** | § | |
| **AVICOR AVIATION, INC., and** | § | |
| **J. ALLAN TAMM, Individually,** | § | |
| | § | |
| **Third Party Defendants.** | § | |

## ORDER DENYING MOTION TO COMPEL (DOCUMENT 125)

The matter before the Court is the motion to compel filed by defendant, Funair Corporation (Funair) (document 125).  Also before the Court are plaintiff, Malibu Consulting Corporation's (Malibu)  response and Funair's reply (documents 140 and 156).  This matter has been referred to me for disposition (document 128).

By its motion Funair asks the Court to compel Malibu to turn over copies of certain documents described in the motion which were the subject of a Request for Production.  In response to the production request, Malibu chose to make the documents available for inspection and copying. Funair traveled to Los Angeles in March 2007 to conduct the document review on-site at Malibu's warehouse.  Funair made certain assumptions about the organization and condition of the 65 boxes

1

of documents and allotted two days for the document review by Funair's Director of Maintenance and its attorney. Funair now complains that not all of the boxes were available on the dates as promised, that their condition was not as represented, and as a result that there was insufficient time to conduct the document review.

Malibu responds that it produced the documents in the manner in which they are kept in the ordinary course of business, an option which the Federal Rules of Civil Procedure permit, and that it made no further representations concerning the condition of the documents. Malibu admits that not all of the documents were at the warehouse on the first day of the two-day inspection, but they were delivered promptly after Funair noted their absence. Malibu explains that only a small portion of the documents were not available on the first day, that those documents were off-site for legitimate business reasons, and that the delay did not prejudice Funair as Funair's representatives were busy reviewing documents the entirety of their visit. Malibu argues that Funair was unable to complete the document review, not because of the failure to have all the documents on site for the entirety of the two-day inspection, but because Funair simply did not allot sufficient time to conduct the review.

## Analysis

Malibu correctly notes that Federal Rule of Civil Procedure 34(b) permits "a party who produces documents for inspection [to] produce them as they are kept in the usual course of business...." Funair does not appear to challenge the representation that the documents were produced as they are kept in the ordinary course of business; rather Funair argues that it assumed the documents would be organized in a different manner, and because they were not, they were unable to complete the document review as anticipated.

2

In an affidavit attached to Funair's reply to the motion to compel, the Director of Maintenance for Funair stated,

> Justin Townsend and I decided to go to Los Angeles to conduct a two day inspection of the documents housed in Malibu's warehouse because I was under the impression, based on representations made by Malibu to Mr. Townsend, that the documents would be complete and intact and in the same order and condition in which Funair conveyed them to Malibu. That the documents would be in the same order and condition in which Funair conveyed them was a material factor in my decision to conduct the two-day inspection, as I was familiar with the documents as they existed at closing of the Aircraft sale and thus believed I could fairly quickly identify relevant documents for copying. Had I not received the assurances that the documents would be in the same order and condition, I would have considered alternate options for their review, such as having all of them copied and reviewed at Funair's offices.[1]

The affidavit echoes Funair's argument expressed in its motion to compel that Malibu "affirmatively represent[ed] to Funair that the boxes would be in the condition in which Funair conveyed them and that they would be complete and orderly."[2] Funair references page 17 of Exhibit A, Malibu's Fourth Ameded Initial Disclosures, as support for its conclusion that the documents were stored and would be produced in the same order and condition as they were when conveyed to Malibu. Funair explains that the Amended Disclosure "refers [to] Funair's own inventory of the 65 boxes of records that Funair provided when the Aircraft was purchased *suggesting the records were stored and organized in the same manner in which Funair originally provided them to Malibu.*"[3] However, Plaintiff's Fourth Amended Initial Disclosures, on which Funair bases its assumption concerning the organization of the documents, is dated April 26, 2007, a month <u>after</u> the document inspection at Malibu's warehouse. Funair could not have relied on representations made in the Fourth Amended

---

[1]Document 156, Exhibit 1.

[2]Document 125 at page 3.

[3]**<u>Id.</u>** at footnote 1 (emphasis added).

Initial Disclosures as a basis for its assumptions.  Furthermore, Funair has failed to identify any statements in Malibu's Fourth Amended Initial Disclosures which reasonably suggest that the documents will be stored in the manner in which they were conveyed at the time of the sale of the aircraft, which was two and half years earlier.  Nor is there evidence in the email correspondence between counsel (attached at Exhibit C to the motion to compel) to support that belief.  Funair's motion simply fails to provide support for its assertion that Malibu misrepresented the manner in which the documents would be made available for inspection such that it should be required to produce copies of the documents as requested in the motion.  It is therefore ORDERED that the motion to compel is DENIED.

Nevertheless, Malibu did not have all the documents present at the warehouse for both of the days on which the parties had agreed the inspection would take place.  Funair was entitled to rely on the representation that the documents would be available for the entirety of the agreed upon dates.  Doubtless, some of the two days set aside for the document review was wasted because not all of the documents were present at the warehouse on the first day of the review.  Accordingly, Malibu is ORDERED to produce the documents requested for inspection or copying in a manner consistent with Federal Rule of Civil Procedure 34(b)(i), at a mutually agreeable date(s), within 30 days from the date of this Order.

**SIGNED** on November 14, 2007.

*Nancy Stein Nowak*

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

4